SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3190 PA (RCx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Lars Kieler v. Jennifer Nightingale, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Rosa Morales | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—COURT ORDER

      The Court has before it the First Amended Complaint ("FAC") filed by Plaintiff Lars Kieler ("Plaintiff").  Plaintiff alleges that subject matter jurisdiction exists based on diversity of citizenship.

      Section 1391(a) provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a).  Section 1391(a)(3), relying on where a defendant is subject to personal jurisdiction, cannot be invoked unless section 1391(a)(1) or (a)(2) cannot be satisfied.  See 28 U.S.C. § 1391(a).

      The FAC does not provide any factual basis which would explain how the Central District of California is a proper forum for this action.  See 28 U.S.C. § 1391(a).  The defendants are alleged to be citizens of Nevada, and the property at issue in this case is situated in Nevada.  There is no indication that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Central District.  See 28 U.S.C. § 1391(a)(2).  Nor is there any indication that there is no other district in which this action may be brought.  See 28 U.S.C. § 1391(a)(3).

      The Court therefore orders Plaintiff to show cause within eleven (11) days of the date of this Order why this action should not be dismissed for improper venue or, alternatively, transferred to a more convenient forum, such as the District of Nevada.  See 28 U.S.C. §§ 1404(a) (regarding transfer); 1406(a) (regarding dismissal).  All factual matters relied upon must be supported by appropriate declarations under penalty of perjury and/or other admissible evidence.  To assist the Court in determining whether dismissal or transfer is appropriate and in the interest of justice, Plaintiff is directed to address the following, in addition to sharing his belief as to which forum is more convenient for the parties and witnesses:

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3190 PA (RCx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Lars Kieler v. Jennifer Nightingale, et al. | | |

1. Whether this action could have been brought in the District of Nevada and whether venue is appropriate in the District of Nevada;

2. What contacts, if any, each of the parties has to the Central District of California and the District of Nevada. Plaintiff should include information regarding where the parties conduct their businesses, including: the location of physical property, points of public contact, and percentage of income derived from each District;

4. What connection Plaintiff's claims have to the Central District of California and the District of Nevada;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District of California as compared to the District of Nevada;

7. The ease of access to sources of proof in each of the potential forums;

8. The expected difference in the cost of litigation in each of the potential forums;

9. Whether there are any alternative forums, other than the Central District of California or the District of Nevada, that would be more convenient for this action and why, keeping in mind the inquiries above; and

10. The jurisdiction and ability to monitor and enforce compliance with any injunctive relief which may be at issue in this action.

The defendants may file a response no later than seven (7) days from the date Plaintiff's response is due. Plaintiff is ordered to personally serve a copy of this Order on the defendants within three (3) court days of the date of this Order. Failure to timely respond to the order to show cause may result in the dismissal of this action without prejudice.

IT IS SO ORDERED.